**STEAM TANKER PADRE ISLAND, INC. and Pullman Bank & Trust Company**

v.

**LONDON ASSURANCE, Guildhall Insurance Co., et al.**

**Civ. A. No. 66–C–94.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Dec. 22, 1967.

Eastham, Watson, Dale & Forney (Alan S. Dale), Houston, Tex., McDonald, Spann & Smith (Ben F. McDonald, Jr.), and Kleberg, Mobley, Lockett & Weil (R. W. Woolsey), Corpus Christi, Tex., for plaintiffs.

Symmers, Fish & Warner, New York City, and Royston, Rayzor & Cook (E. D. Vickery and Chas. D. Kennedy), Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

GARZA, District Judge.

This is a suit by the owner and mortgagee of the Steam Tanker PADRE ISLAND for collection of proceeds allegedly due under policies of "Hull" insurance issued by the Defendants in this case.

It is claimed that the S/T PADRE ISLAND stranded on a reef near Bimini.

The Court has before it a motion for production of copies of statements taken after such stranding by an attorney on behalf of the vessel's "P. & I." underwriters, the motion being made under Rule 34 of the Federal Rules of Civil Procedure.

The Plaintiffs have objected, first on the ground that good cause for production has not been shown by the Defendants and secondly that the statements sought are the work product of Plaintiffs' attorneys, and as such are immune from discovery.

The statements sought are mainly those of the crew members of the S/T PADRE ISLAND.

It is claimed that the S/T PADRE ISLAND stranded on February 11, 1966. Both "Hull" and "P. & I." underwriters were advised of the stranding on the same date.

Approximately three-fourths of the crew of the S/T PADRE ISLAND were brought to shore at Miami, Florida, on February 12, 1966, and the remaining members of the crew were brought to Miami on February 18, 1966. Repatriation of the members of the crew, most of whom lived outside of the United States, was commenced on March 2nd, and completed on March 5, 1966.

Between the dates of March 2, and March 5, 1966, an attorney representing the "P. & I." underwriters took statements from the members of the crew of the S/T PADRE ISLAND, and it is these statements that are being sought by the Defendants.

One of the law firms representing the Defendants here was employed on the 7th day of March, 1966, to investigate the loss of the S/T PADRE ISLAND. On the same date Mr. William Warner of said law firm spoke to Mr. Alan S. Dale, of counsel for the owners of the S/T PADRE ISLAND, by telephone and was informed that the master and chief engineer were still available, but that the remainder of the officers and crew had been repatriated. Arrangements were made between Mr. Dale and Mr. Warner to take statements from the master and chief engineer on March 11th, as they would be returning to Europe within a few days.

There is no question but that the crew members of the S/T PADRE ISLAND are now scattered in various places and that it would be hard for the Defendants to trace them for discovery purposes since their actual whereabouts are unknown to the Defendants. Also, these crew members are no longer employed by the Plaintiff.

Even in the land-mark case of Hickman v. Taylor, 329 U.S. 495, at p. 511, 67 S.Ct. 385, at p. 394, 91 L.Ed. 451, where an attorney work product privilege was recognized, the Supreme Court recognized that good cause might exist which would require production of statements otherwise immune under the work product theory, when the Court stated:

> " * * * Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty. * * * "

■ The statements obtained by an attorney for the "P. & I." underwriters have been made available to Plaintiffs' attorneys who have them in their possession. The "P. & I." underwriters or the attorney that took the statements are not parties or counsel in this cause. The Plaintiffs cannot under these circumstances claim the statements to be immune under the work product theory, since the statements are not the work product of any attorney in this litigation.

Plaintiffs' contention that the statements were taken on their behalf is untenable, since in investigating the stranding, the "P. & I." underwriters were actually adverse to the owners. The statements sought were the work product of attorneys for the "P. & I." underwriters and they are the only ones that could claim the privilege; and since they are not involved in this cause, they could not claim it here.

■ The Plaintiffs' attorneys, in answer to the motion of the Defendants, are asking the Court to force the Defendants to make available to them statements taken by them in preparing for this litigation. These statements sought are in truth and in fact the work product of counsel in this cause; and no good cause having been shown for their production, this request is denied.

By letter from counsel for the mortgage holder, the Court has been informed that the attorney for the "P. & I." under-

writers took other statements other than from crew members of the S/T PADRE ISLAND, and requests that in any event any statements of other than crew members not be ordered to be produced. This request will be honored unless attorneys for the Defendants show good cause why they should be produced.

Finding that there is good cause for the production of the statements sought, and that the same are not immune as the work product of an attorney in this litigation;

It is ordered, adjudged and decreed that the statements of all crew members of the S/T PADRE ISLAND, in possession of the Plaintiffs, be produced by the Plaintiffs for inspection and copying within ten (10) days from the date of this order, at the offices of Alan S. Dale, 1201 Mellie Esperson Building, Houston, Texas.

The Clerk will send copies of this Memorandum and Order to counsel for the parties.